| | |
|---|---|
| Alexis Harrington, o/b/o G.M.D., a minor<br><br>Plaintiff,<br><br>vs.<br><br>Martin O'Malley, Commissioner of Social Security,<br><br>Defendant. | 2:23-cv-02053-MDC<br><br>**Order**<br><br>MOTION TO REMAND [ECF NO. 14]; CROSS-MOTION TO AFFIRM [ECF NO. 16] |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

This matter involves plaintiff's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her child, G.M.D., social security benefits. Plaintiff filed a motion for remand (ECF No. 14) and the Commissioner filed a cross-motion to affirm. (ECF No. 16). The Court denies plaintiff's motion to remand and grants the Commissioner's cross-motion.

**I.  Background**

Plaintiff filed an application for supplemental security income for her child G.M.D. on June 7, 2019. AR 250-59. The ALJ followed the three-step sequential evaluation process to guide the decision. 20 C.F.R. § 416.924(a). The ALJ agreed that G.M.D. did not engage in substantial gainful activity since June 7, 2019. AR 11. The ALJ found that G.M.D. suffered from medically determinable severe impairments consisting of epilepsy and migraines. AR 11. The ALJ decided that the impairments did not meet or equal any "listed" impairment. AR 11, citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ determined that G.M.D. did not have a functional equivalent of a listed impairment across the domains of function.  Specifically, the ALJ found that G.M.D. had:

- less than a marked limitation in acquiring and using information;
- less than a marked limitation in attending and completing tasks;
- no limitation in interacting and relating with others;
- no limitation in moving about and manipulating objects;

• no limitation in the ability to care for himself; and

• less than a marked limitation in health and physical well-being.

AR 13. The ALJ determined that G.M.D. did not suffer from a disability between June 7, 2019, and the date of the decision. AR 17.

Plaintiff argues that the ALJ failed to adequately explain why she found less than a marked limitation in the childhood domains of acquiring and using information, attending, and completing tasks, and health and physical well-being.  ECF No. 14. The Commissioner argues in both his countermotion and response that (1) the ALJ reasonably assessed plaintiff's testimony; (2) the ALJ reasonably evaluated the medical opinion evidence; and (3) the ALJ reasonably evaluated the domains. ECF No. 16. The plaintiff repeats her main arguments in the reply. ECF No. 17.

**II.  Legal Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. *See* U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. See 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than

one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency."). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Individuals seeking disability benefits have the burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet the burden, individuals must be able to demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Individuals must also provide "specific medical evidence" in support of their claims for disability. 20 C.F.R. § 404.1514.

**III. Analysis**

    **a. ALJ Properly Found Less Than a Marked Limitation in the Childhood Domain of Acquiring and Using Information**

Plaintiff argues that the ALJ erred by rejecting Dr. Genece-Sekyiamah's opinion, which assessed a marked limitation in acquiring and using information, due to the child's academic difficulties. ECF No. 14 at 11-12. Dr. Genece-Sekyiamah's report pointed to G.M.D.'s school absences and poor

3

performance, attributing these challenges to her seizure disorder. AR 591-92. The ALJ, however, found Dr. Genece-Sekyiamah's opinion unpersuasive, concluding that a significant portion of the academic difficulties arose from noncompliance with prescribed treatment, rather than a limitation that was intrinsic to the impairment itself. AR 16.

Under social security regulations, substantial evidence encompasses a "highly deferential" standard. *Biestek*, 139 U.S. at 1157. This standard supports the ALJ's authority to weigh conflicting evidence based on a comprehensive evaluation of the record. *Id.* Here, the ALJ identified substantial evidence showing that G.M.D.'s seizure activity—and thus her academic difficulties—spiked during periods of noncompliance with her medication regimen. AR 16. Medical records consistently reflected that G.M.D.'s medication levels were subtherapeutic, G.M.D. was not refilling her medication, and G.M.D. failed to undergo further lab evaluations that would distill whether compliance to medication was being met. AR. 16, 519, 550, 593. This pattern of noncompliance aligns with the regulatory burden imposed on claimants to demonstrate compliance with treatment to support their claims of severe impairment. 20 C.F.R. § 416.930.

The ALJ made extensive efforts to develop a complete record, including multiple attempts to obtain school records and additional medical information, but faced significant barriers that hindered full record development. AR 16, 432. Despite requesting these records from both plaintiff and the schools, the ALJ was unable to acquire the necessary documentation, as one school reported that G.M.D. had been removed from the rolls after twenty consecutive absences and was no longer enrolled in any school. AR 432. Additionally, the plaintiff did not provide the requested documents. AR 16. These challenges, along with the failure to complete lab tests despite repeated requests from healthcare providers, limited the ALJ's ability to fully assess G.M.D.'s academic performance and health status. AR 15-16. In light of these difficulties, the ALJ reasonably inferred that G.M.D.'s academic struggles were primarily due to her noncompliance with medication, which led to increased seizure activity and frequent absences from school, rather than a marked limitation from her impairment itself. The ALJ's

decision to find Dr. Genece-Sekyiamah's opinion unpersuasive was supported by substantial evidence, as her opinion was inconsistent with the record, particularly with regard to the child's medication noncompliance and its impact on her condition, and the ALJ's efforts to develop the record were properly documented, despite being largely unsuccessful due to factors outside the ALJ's control.

### b. ALJ Properly Found Less Than a Marked Limitation in the Childhood Domain of Attending and Completing Tasks

Plaintiff further contends that the ALJ improperly evaluated the domain of attending and completing tasks, specifically by discounting plaintiff's testimony that G.M.D. struggled to retain information, follow instructions, and complete assignments. ECF No. 14 at 13-14. The ALJ acknowledged plaintiff's testimony but determined that these difficulties were more likely related to the child's irregular adherence to treatment. AR 13-15. The ALJ's determination is supported by substantial evidence. Medical documentation indicated that G.M.D.'s blood levels of seizure medication were consistently below therapeutic range, pointing to a pattern of missed doses. AR 14, 519, 550, 593.

Moreover, the Ninth Circuit has held that an ALJ may discount subjective testimony when it is contradicted by an "unexplained or inadequately explained failure to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In this case, the ALJ properly discounted plaintiff's testimony regarding G.M.D.'s difficulties with attention and task completion, as it was contradicted by substantial evidence showing unexplained lapses in medication adherence and treatment compliance. AR 14-15, 519, 550, 593. The medical records document a history of seizure recurrence due to inconsistent medication use, leading to school absences and academic difficulties. *Id.* This pattern of noncompliance with treatment supports the ALJ's conclusion that the difficulties in attending and completing tasks were primarily due to treatment irregularities, rather than an intrinsic limitation in G.M.D.'s abilities.

Additionally, the ALJ appropriately noted that plaintiff's statements regarding G.M.D.'s functional limitations were inconsistent with the child's reported daily activities, which included

completing chores, playing video games and board games, reading, riding a bike, swimming, and engaging in physical activities. AR 13-15. This contradiction further supported the ALJ's conclusion of less than marked limitations in attending and completing tasks. The Ninth Circuit has consistently held that an ALJ may assess daily activities in determining functional capacity. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Here, the evidence aligned with a less severe finding and supporting the ALJ's determination.

### c. ALJ Properly Found Less Than a Marked Limitation in the Childhood Domain of Health and Physical Well-Being

Plaintiff asserts that the ALJ erred by failing to fully adopt the opinions of State agency consultants who assessed a marked limitation in the domain of health and physical well-being. ECF No. 14 at 15-17. The Commissioner claims the ALJ evaluated these opinions under 20 C.F.R. § 416.920c, considering the supportability and consistency of each opinion with other evidence. ECF No. 16 at 15. While the consultants cited evidence of seizures, the ALJ found that this was not sufficient to establish a marked limitation, given the frequency of noncompliance. AR 15-16.

The ALJ noted that a claimant's failure to adhere to prescribed treatment can affect the evaluation of health-related limitations, especially in cases involving seizure-related impairments under Listing 111.02. AR 15-16. Thus, the ALJ found that G.M.D.'s failure to adhere to prescribed medical treatment rendered the consultants' opinions less persuasive. *Id.* The ALJ concluded that any health limitations may have been mitigated by consistent medication. *Id.* Instead, G.M.D.'s inconsistent medication use resulted or exacerbated any medical limitations. *Id.* The Ninth Circuit has upheld an ALJ's discretion to weigh the consistency of medical opinions against the claimant's activity level, such as evidence of noncompliance. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (ALJ may properly reject a medical opinion when there is a conflict between the medical opinion and claimant's activity); *see also, Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) ("Our review of the record persuades us that the ALJ met the appropriate burden for discrediting McConochie's diagnosis and

rejecting his opinion that Andrews was severely handicapped by… depression and paranoid ideation…. McConochie himself observed that Andrews had no interest in pursuing treatment for his self-reported psychological symptoms.".)

As previously mentioned, blood tests consistently showed that G.M.D.'s medication levels were below therapeutic range, undermining plaintiff's argument for a marked limitation based solely on seizures. AR 14, 519, 550, 593. The ALJ's analysis was in line with social security regulations, which emphasize the claimant's burden to demonstrate that their impairment persists despite treatment adherence. 20 C.F.R. § 416.930(a).

### d. It is Plaintiff's Burden to Demonstrate Disability Through Compliance – Not the ALJ

The Court underscores that under the Social Security Act, the burden to establish disability rests firmly on the claimant, including the obligation to demonstrate adherence to prescribed medical care. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The Ninth Circuit has held that noncompliance with prescribed treatment may be grounds for denying benefits if the claimant's impairment is controllable with medication. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Of course, there are limitations and excuses for that rule. *Id.* But here, plaintiff has chosen to plainly ignore ALJ's requests for proof of medication compliance and not provide any excuses or reasons for such behavior, or lack thereof. AR 15-16. Plaintiff's failure to ensure consistent treatment adherence undermines her claim, as noncompliance likely directly influenced the severity of her child's symptoms and limitations. *Id.*

The Ninth Circuit has emphasized that a claimant's failure to comply with prescribed care undermines their ability to demonstrate the persistence and intensity of alleged impairments. *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012). The Court finds that Plaintiff's case falls squarely within this

precedent, as the ALJ's decision thoroughly considered the impact of treatment adherence on G.M.D.'s condition and functional limitations.

### IV. Conclusion

The ALJ's decision is well-supported by substantial evidence, including medical records documenting treatment noncompliance, conflicting medical opinions, and the child's daily activities. The Court finds that plaintiff has not met her burden to show that G.M.D. suffers from marked limitations, as required under social security regulations, and that her noncompliance with prescribed treatment further diminishes the credibility of her claim.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's Brief (ECF No. 14) requesting remand is **DENIED**.

2. Commissioner's Brief (ECF No. 16) requesting to affirm is **GRANTED**.

3. The Clerk of Court is directed to enter final judgment **AFFIRMING** the decision of the Commissioner.

4. The Clerk of Court shall **CLOSE** this case.

DATED this 13th day of November 2024.

**IT IS SO ORDERED**.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge